[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas which "entered judgment in favor of Plaintiff [Appellee] Nationwide Insurance Co." in a case involving the enforcement of an in-court settlement agreement.
On appeal appellants, William T. Ruber and Ford Motor Company, set forth the following two assignments of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JULY 21, 1997 JUDGMENT ENTRY BY REFUSING TO ENFORCE THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES IN ACCORDANCE WITH THE TERMS AGREED UPON IN OPEN COURT ON THE RECORD.
 "THE TRIAL COURT ERRED IN ITS JULY 21, 1997 JUDGMENT ENTRY BY ENTERING A JUDGMENT IN FAVOR OF PLAINTIFF NATIONWIDE INSURANCE COMPANY THAT WAS CONTRARY TO THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT ENTERED INTO IN OPEN COURT ON THE RECORD."
Appellants' two assignments of error will be considered together.
The Supreme Court of Ohio has held that a settlement agreement is a contract, which "requires a definite offer and an acceptance thereof." Noroski v. Fallet (1982), 2 Ohio St.3d 77,79. To be binding, a release evidencing a settlement "must be the result of a meeting of the parties' minds." Id.
Upon consideration of the record in this case, which includes the trial court's May 15, 1997, and July 21, 1997 judgment entries, the testimony presented at trial and the parties' respective motions to enforce the settlement agreement, this court finds that at the time the in-court settlement agreement was made, there was no meeting of the parties' minds as to the scope of the settlement offer. Accordingly, the in-court settlement agreement is unenforceable, and appellants' first and second assignments of error are well-taken.
On consideration whereof, this court finds further that substantial justice has not been done the parties complaining and the judgment of the Erie County Court of Common Pleas is reversed and this case is remanded to the trial court for a new trial. Court costs of these proceedings are assessed to appellees.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.